UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>ROBERT E. LEE,<br>    *Defendant*. | No. 3:14-cr-0201 (JAM) |

ORDER DISMISSING INDICTMENT
INCLUDING RESTITUION AND FORFEITURE ORDERS

Defendant Robert E. Lee pleaded guilty to five counts of wire fraud. He was sentenced to a term of imprisonment and subject to orders of restitution and forfeiture. While his appeal was pending, defendant passed away from cancer. The Second Circuit vacated the judgment and instructed me to dismiss the indictment with respect to the sentences of imprisonment, supervised, release and a fine, as well as to consider whether the orders of restitution and forfeiture should survive defendant's death. Doc. #72.

Defendant's estate now seeks abatement of both the forfeiture and restitution orders; the Government does not object to dismissal of the forfeiture order but argues that the Court should not vacate its restitution order. Because the restitution order is predicated on a conviction that the Second Circuit has now vacated, I conclude (reluctantly) that the criminal restitution order that I entered against defendant in this action must also be dismissed. Accordingly, I will dismiss the indictment in all respects.

### BACKGROUND

Between January 2011 and March 2014, defendant defrauded investors by operating a classic "Ponzi scheme" of raking in money from investors to pay off other investors until the entire scheme collapsed. In December 2014, defendant pleaded guilty to five counts of wire fraud in

violation of 18 U.S.C. § 1343. I sentenced him to 63 months in prison followed by 36 months of supervised release, a $10,000 criminal fine, $359,001.24 in criminal forfeiture, and $1,150,815.57 in restitution. He then appealed his sentence to the Second Circuit.

While his appeal was pending, defendant died from cancer. Absent objection by the Government, the Second Circuit vacated the judgment, and remanded the matter to me with instructions to dismiss the indictment with respect to the orders of imprisonment, supervised release, and a fine, and also to consider, if necessary, whether the orders of restitution and forfeiture should survive even though defendant died during the pendency of the appeal. Doc. #72.

## DISCUSSION

The death of a federal criminal defendant while his direct appeal is pending ordinarily "abates not only the appeal but also all proceedings had in the prosecution from its inception." *United States v. Wright*, 160 F.3d 905, 908 (2d Cir. 1998). Two ideas have been advanced to justify the abatement rule: "First, the interests of justice ordinarily require that [a defendant] not stand convicted without resolution of the merits of an appeal. . . . Second, to the extent that the judgment of conviction orders incarceration or other sanctions that are designed to punish the defendant, that purpose can no longer be served." *Ibid.*[1]

The Second Circuit has yet to decide whether the abatement rule not only invalidates a defendant's conviction but also extends to invalidate any accompanying order of criminal restitution. *See id.* at 909 (reserving decision on this issue). In the meantime, other federal

---

[1] Because the Second Circuit has vacated the judgment of conviction, there is no cause here for me to address the soundness of the reasons that ostensibly justify the abatement rule. *See, e.g.*, *United States v. Volpendesto*, 755 F.3d 448, 454–55 (7th Cir. 2014) (Sykes, J., concurring) (questioning "whether the reasons for the abatement rule hold up under close scrutiny," because "an unreviewed criminal conviction is neither suspect nor lacking in finality in any relevant sense, and I do not think it unfair to let a criminal judgment stand if the defendant dies while his appeal is pending"); Timothy A. Razel, *Dying to Get Away With It: How the Abatement Doctrine Thwarts Justice—and What Should Be Done Instead*, 75 FORDHAM L. REV. 2193 (2007); *see also United States v. Nojay*, 2016 WL 7339926, at *4–5 (W.D.N.Y. 2016) (declining to extend the abatement rule to justify sealing of conviction records).

appeals courts have split on this issue. *See United States v. Volpendesto*, 755 F.3d 448, 453 (7th Cir. 2014) (collecting cases). Some courts hold that a restitution order should survive a defendant's death during appeal, because "restitution is intended to compensate victims much like a civil judgment," such that these courts "do not see restitution as part of the offender's punishment." *Ibid.* (citing cases). By contrast, other courts reason that a court's authority to enter a restitution order stems only from the fact of a conviction in the first instance; if the conviction itself abates, the restitution order must likewise abate, and "the fact that criminal restitution serves a compensatory purpose does not enable it to be imposed in the absence of a final conviction." *Id.* at 454.

In light of the fact that the Second Circuit has vacated defendant's conviction, I agree with the latter view—that the restitution order must abate as well. "Federal courts have no inherent power to order restitution." *United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012). Instead, a court's power to order restitution "depends upon, and is necessarily circumscribed by, statute." *Ibid*. Because the order of restitution in this case rested on the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A—a statute that operates only on the basis of the entry of a valid conviction—my restitution order pursuant to that statute cannot survive once the conviction no longer does so. *Cf. Wright*, 160 F.3d at 908–09 (declining to decide the issue but noting that "the analytical underpinnings of such a proposed accommodation [to allow for survival of restitution order] are not entirely clear to us, since there is no civil judgment against Leslie [the deceased defendant], and once the conviction is vacated there would seem to be no foundation for the order of restitution").

For the sake of defendant's many victims, I regret vacating the restitution order. Nevertheless, as the Government notes in its briefing, it has filed civil actions to continue to

pursue the restitution interests of the victims. *See United States v. $358,077.17*, 3:14-cv-1759 (JAM); *United States v. $465,789.31*, 3:15-cv-1353 (JAM).

## CONCLUSION

For the foregoing reasons, the indictment is DISMISSED in all respects.

The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 12th day of January 2017.

                                                  /s/ *Jeffrey Alker Meyer*
                                                  Jeffrey Alker Meyer
                                                  United States District Judge